IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2013 JUL -5 PM 4: 35

| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CM0433-10 |
|---|---|---|
| vs. | ) ) ) ) ) | **DECISION AND ORDER RE: MOTION TO DISMISS WITH PREJUDICE** |
| OSCAR JUNIOR SANTOS, | ) ) | |
| Defendant. | ) ) ) ) | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on July 1, 2013 on the Defendant's Motion to Dismiss with Prejudice, which was filed on January 13, 2012. Assistant Attorney General Lisa Hack represented the People of Guam (the "People"). Defendant Oscar Junior Santos ("Santos") was represented by Attorney Peter J. Sablan. This Court, having considered the Motion and the arguments presented during the hearing of this matter, issues the following written Decision and Order **GRANTING** the Motion to Dismiss. The Complaint against Santos is hereby dismissed *without prejudice*.

## BACKGROUND

On May 14, 2010, the Government charged Santos with 1) Assault (as a Misdemeanor) and 2) Child Abuse (as a Misdemeanor). *See* Complaint, CM0433-10 (5/14/10). Santos was originally scheduled to be arraigned on August 4, 2010, but the arraignment was continued until September 29, 2010 due to lack of service of process. Santos, however, appeared at the September 29, 2010 arraignment.

On January 13, 2012, Santos filed a motion to dismiss with prejudice, arguing that he was denied a prompt arraignment pursuant to the 60-day rule under *Rasauo II*.[1] Specifically, Santos argues that he was arraigned on September 29, 2010, more than one hundred and thirty eight (138) days after the Complaint was filed. The People argue that the Motion should be denied because good cause exists for the delay. More specifically, the August 4, 2010 arraignment hearing had to be rescheduled to September 29, 2010 because Santos could not be located for service of process prior to the August 4, 2010 hearing date.

## DISCUSSION

According to 8 G.C.A. § 60.10(a), "[t]he defendant shall be arraigned promptly after the indictment . . . ." If the defendant is not promptly arraigned within sixty (60) days of the filing of the complaint (or indictment), the complaint shall be dismissed unless good cause is shown for the delay. *See People v. Rasauo*, 2011 Guam 14 ¶ 14 ("*Rasauo II*").

In this case, it is clear that Santos was not arraigned within the sixty (60) day time requirement and the People have failed to establish good cause for the delay. Santos's first arraignment hearing was scheduled on August 4, 2010, well beyond the 60-day time limit. The fact that he did not appear at the August 4, 2010 hearing is irrelevant.

Further, the People failed to establish that good cause exists for the delay. In determining what constitutes "good cause," the Guam Supreme Court looks to the "good cause" standard under 8 G.C.A. § 80.60(b)(3) for guidance. *See People v. Julian*, 2012 Guam 26 ¶ 21; *see, e.g., People v. Flores*, 2009 Guam 22 ¶ 40 (good cause was met where delay was caused by defendant's conduct and delay benefitted defendant). As stated above, the fact that the August 4, 2010 arraignment had to be rescheduled until September 29, 2010 is irrelevant. It is also

---

[1] *See People v. Rasauo*, 2011 Guam 14 ¶ 14 ("*Rasauo II*").

-2-

irrelevant if that delay was caused by Santos, and nothing on the record suggests he in fact caused the delay. What is relevant is that the earliest date Santos was scheduled to be arraigned in this case was August 4, 2010. That hearing date, however, was well beyond the 60-day time limitation. Because no good cause exists for the delay, Santos's Motion is granted. In the interest of justice, however, the Complaint will be dismissed without prejudice.

Dismissal without prejudice is the appropriate remedy because the delay was not caused by the People, but by the Court when it scheduled the arraignment beyond the 60-day time limitation. When the Court scheduled Santos's arraignment hearing for August 4, 2010, the 60-day limitation period under *Rasauo II* was not in effect. The Guam Supreme Court issued the *Rasauo II* decision in 2011 and then later ruled in *Julian*, 2012 Guam 26, that the 60-day rule applies retroactively. Under these circumstances, dismissal with prejudice would be too harsh of a result.

## CONCLUSION

For the reasons stated above, Santos's Motion to Dismiss is GRANTED and the Complaint is dismissed without prejudice.

It is **SO ORDERED** this 5th day of July, 2013.

HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam

-3-